**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1494-15T1

SHARON MILLER GROMEK,

    Plaintiff-Respondent,

v.

VITOLD F. GROMEK,

    Defendant-Appellant.

_____

        Argued May 22, 2018 — Decided June 5, 2018

        Before Judges Yannotti and Mawla.

        On appeal from Superior Court of New Jersey,
        Chancery Division, Family Part, Morris County,
        Docket No. FM-14-0006-10.

        Vitold F. Gromek, appellant pro se.

        Respondent Sharon Miller Gromek has not filed
        a brief.

PER CURIAM

    Defendant Vitold F. Gromek appeals from an October 27, 2015

order, which denied his motion for relief from a December 10, 2014

order entered following a plenary hearing addressing alimony,

child support, college contribution, and attorney's fees. We affirm.

We glean the following facts from the record. The parties were married in 1982. Two children were born of the marriage, both of whom are now emancipated. The parties divorced in 1999 following a three-day trial. Defendant appealed from the trial judge's decision, and we remanded in part for the trial judge to address certain aspects of the alimony computation, equitable distribution, and counsel fees. Gromek v. Gromek, No. A-0480-99 (App. Div. Jan. 17, 2002); Gromek v. Gromek, No. A-6302-99 (App. Div. Jan. 17, 2002).

The trial judge made findings on the remanded issues, and defendant appealed. We affirmed in part, and reversed and remanded in part the trial judge's determination. Gromek v. Gromek, No. A-4825-03 (App. Div. Oct. 27, 2005). Pertinent to the present appeal, in our remand we: established the budget for plaintiff on which the trial judge was again directed to calculate alimony and child support; directed probation to credit defendant's account in the event the support recalculation on remand resulted in excess payment of support; addressed credits to defendant against equitable distribution of the parties' Nantucket residence; and awarded plaintiff counsel fees from defendant's share of equitable distribution of the residence.

2

These issues, which were remanded in 2005, were subject to a trial before a different judge who also adjudicated other post-judgment matters, including defendant's request to: terminate child support, terminate or reduce alimony, and reduce or eliminate his obligation to contribute to the children's college costs. Subsequent to our remand, the judge entered two preliminary orders dated November 4, 2011, adjudicating alimony, child support, and reimbursements from the Nantucket property. Defendant sought reconsideration, which the judge granted in part in an order dated February 2, 2012.

The trial judge also entered a separate order on February 22, 2013, addressing defendant's motion for reconsideration of the judge's rulings regarding child support and the dispute over probation's calculation of defendant's arrears. Defendant sought reconsideration of this order, which the judge denied on August 14, 2013. The judge found defendant had advanced no legitimate basis to grant reconsideration. The judge also noted a plenary hearing had been scheduled to address the dispute.

Eventually, a fourteen-day trial ensued, which resulted in the entry of a final order on December 10, 2014. The trial judge determined the parties' children were emancipated as of January 1, 2012, and terminated defendant's child support obligation as of that date. The judge denied defendant's motion to terminate

alimony, but reduced his alimony obligation from $600 to $498 per week, effective June 1, 2012. The judge found defendant was responsible for fifty percent of the children's undergraduate college costs, and fifty percent of the payments plaintiff previously made for those costs. The judge awarded plaintiff $131,865.45 in counsel fees and costs. Defendant appealed from the December 10, 2014 order, but it was dismissed for failure to perfect the appeal. Gromek v. Gromek, No. A-3067-14 (App. Div. June 11, 2015).

The parties' motion practice continued, resulting in the order now under appeal, which addressed forty-seven requests for relief. Plaintiff's motion largely sought enforcement of the December 10, 2014 order. Citing Rule 4:50-1, defendant's motion argued the December 10, 2014 order was "so defective, so replete with errors, as it relates to child support, attorney fees, and college expenses that it should be voided and re-litigated." He also sought reconsideration of the emancipation date for one of the children, and the counsel fee award. Additionally, as part of his ongoing disputation of probation's arrears calculation, defendant sought to compel plaintiff to produce documentation for all funds she received or had held for her benefit outside of probation. A different judge heard the motions, and denied

defendant's requests, noting the relief defendant sought should have been addressed on appeal. This appeal followed.

I.

We begin with our standard of review. A trial court's findings "should not be disturbed unless '. . . they are so wholly insupportable as to result in a denial of justice[.]'" Rova Farms Resort, Inc. v. Invs. Ins. Co. of Am., 65 N.J. 474, 483-84 (1974) (quoting Greenfield v. Dusseault, 60 N.J. Super. 436, 444 (App. Div.), aff'd o.b., 33 N.J. 78 (1960)). When the trial court's findings are "supported by adequate, substantial and credible evidence[,]" those findings should be upheld on appeal. Id. at 484.

"[O]ur appellate function is a limited one: we do not disturb the factual findings and legal conclusions of the trial judge unless we are convinced that they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice." Fagliarone v. N. Bergen, 78 N.J. Super. 154, 155 (App. Div. 1963); see also Rova Farms, 65 N.J. at 484. The function of this court is to determine whether there is "substantial evidence in support of the trial judge's findings and conclusions . . . ." Weiss v. I. Zapinsky, Inc., 65 N.J. Super. 351, 357 (App. Div. 1961).

As we noted, defendant styled his motion as one for reconsideration, but cited Rule 4:50-1, and specifically argued the December 10, 2014 order was void and generally unjust. Thus, defendant's argument implicated Rule 4:50-1(d) and (f), which provide:

> On motion, with briefs, and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment or order for the following reasons: . . . (d) the judgment or order is void; . . . or (f) any other reason justifying relief from the operation of the judgment or order.

Generally, "[c]ourts should use Rule 4:50-1 sparingly, [and] in exceptional situations[.]" Hous. Auth. of Morristown v. Little, 135 N.J. 274, 289 (1994). Relief under Rule 4:50-1 "is designed to reconcile the strong interests in finality of judgments and judicial efficiency with the equitable notion that courts should have authority to avoid an unjust result in any given case." Manning Eng'g, Inc. v. Hudson Cty. Park Comm'n, 74 N.J. 113, 120 (1977) (citing Hodgson v. Applegate, 31 N.J. 29, 43 (1959)).

Under Rule 4:50-1: "No categorization can be made of the situations which warrant redress under subsection (f). . . . [T]he very essence of (f) is its capacity for relief in exceptional situations. And in such exceptional cases its boundaries are as expansive as the need to achieve equity and justice." DEG, LLC

v. Twp. of Fairfield, 198 N.J. 242, 269-70 (2009) (alteration in original) (quoting Court Inv. Co. v. Perillo, 48 N.J. 334, 341 (1966)).

On appeal, defendant again challenges the December 10, 2014 order. He claims the support calculation in it was erroneous because he experienced a changed circumstance after we remanded the matter. Specifically, on the remand we directed the trial judge use $127,465 as defendant's income, and he argues his income was actually $63,487, and claims the trial judge erred when he failed to use the lower income figure.

Defendant argues the trial judge failed to calculate child support using the child support guidelines. He asserts the trial judge's deviation from the guidelines by eighty-eight dollars per week to meet plaintiff's needs was arbitrary and capricious. Defendant argues the trial judge incorrectly calculated taxes on defendant's income because he used estimated taxes rather than averaging his actual tax liability. He asserts the trial judge's guidelines calculation incorrectly calculated the medical insurance premium, unreimbursed health care expenses, parenting time adjustment, and plaintiff's income.

Defendant claims the trial judge failed to recognize plaintiff's case information statements (CISs) were false and

contained erroneous expenses. Defendant asserts plaintiff failed to provide CISs for certain years.

Defendant argues the trial judge failed to acknowledge payments defendant made outside of probation. He claims probation failed to conduct a court ordered audit to account for the correct date on which his pendente lite support ended and his post-judgment support obligation began. Defendant argues he overpaid by $4800, which was not credited to his arrears. He asserts he provided probation with the proofs, but it refused to accept them, and the trial judge failed to compel it to do so. Defendant claims his share of the sales proceeds from the Nantucket home were not credited to his arrears. He argues probation failed to record the fact his support obligation was reduced as a result of a child's emancipation and the reduction in his alimony obligation.

Defendant asserts the trial judge failed to account for and differentiate child support from college expenses, which resulted in defendant paying for certain expenses twice. He argues child support was not recalculated to account for the children's residence in college.

Defendant asserts plaintiff incurred invalid costs for college, which resulted in excessive borrowing, and he should not have to pay for those costs. He argues the trial judge failed to account for his ability to pay for college. Defendant claims the

A-1494-15T1

trial judge erred by not considering defendant's argument he should be absolved of his obligation to contribute to college because he was not consulted in the process.

Defendant argues the trial judge erred by not permitting defendant to submit his claim for counsel fees. He asserts he was denied fees because he was self-represented. Defendant claims the trial judge failed to address defendant's application to modify or terminate alimony based on a prospective retirement pursuant to N.J.S.A. 2A:34-23(j).

Defendant's arguments are unpersuasive. The motion judge undertook a detailed review comparing the circumstances and evidence presented to him with the trial judge's decision, and the record before the trial judge. The motion judge concluded:

> There was a motion for reconsideration, again, appeals taken. There was a vocational expert at some point who was retained, Dr. Stein, I know who posited an income range between [ninety thousand] and [one hundred and twenty thousand dollars.] The defendant had some concern that everybody was focused on the high end of Dr. Stein's number. And I note also that the [trial judge] did find that the defendant had sequestered funds in the name of his sister or otherwise, and I know that's a finding that the defendant disagree[s] with.
>
> But all of these issues, the alimony, the dates of emancipation, the level of college contribution, all of that was subject, or would have been subject to [a]ppellate review. It was subject to application for reconsideration. And you know, whether it's

> filed five months later, six months later or seven months later, I really haven't had information presented to me such that I could legitimately say in the interest of justice I have to do something, a travesty has occurred, this has to be changed. It can't be allowed to stand. Recognized and established law was ignored, or the law has changed, and the change gave retroactive application to those changes, none of those things have happened.

Our review of the record leads to the same conclusion. The trial judge addressed all of defendant's claims regarding alimony, college contribution and counsel fees, applying the facts to the relevant factors found in the statute, case law, and court rules. Therefore, as noted by the motion judge, defendant's remedy was to appeal the December 10, 2014 decision, rather than present arguments why he disagreed with the trial decision to the motion judge, and expect a different outcome pursuant to Rule 4:50-1. As the motion judge noted, Rule 4:50-1 addresses grounds for collateral relief from a final order, it does not act as a substitute for appeal. Defendant's disagreement with the December 10, 2014 order neither demonstrated it was void pursuant to Rule 4:50-1(d) nor established grounds for extraordinary relief under Rule 4:50-1(f). For these reasons, the motion judge did not abuse his discretion by declining to re-visit the December 10, 2014 order.

Furthermore, although defendant is correct neither the December 10, 2014 nor the October 27, 2015 order addressed his claim for counsel fees as a self-represented litigant, the reason is self-evident. The Supreme Court has held a self-represented litigant may not claim attorney's fees for the litigant's own efforts prosecuting a case. Segal v. Lynch, 211 N.J. 230, 260-64 (2012). Therefore, neither judge erred by failing to award defendant counsel fees.

Finally, we have reviewed the balance of defendant's arguments, including: the calculation of defendant's income and tax obligations; the trial judge's guidelines calculation; defendant's claims regarding plaintiff's CIS data; probation's calculation of arrears; and defendant's claim to a prospective retirement. The trial judge found these arguments lacked merit, and based on our review of the record we also find they lack sufficient merit to warrant further discussion in a written opinion. Rule 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1494-15T1